# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN KENDRICK,
      Plaintiff,

v.                                                    Case No. 05-C-0976

MATTHEW J. FRANK, THOMAS BORGEN,
LARRY JENKINS, JODINE DEPPISCH,
TOM GOZINSKE, SHARI HEINZ,
DR. ENRIQUE LUY, SHARON ZUNKER,
KAREN GOURLIE, DR. DAVE BURNETT,
J. GREER, RICK RAEMISCH,
JOHN RAY, PAT VOERMANS,
JIM SCHWOCHERT, TERI KAISER,
NURSE PEGGY, and NURSE SHERI,
      Defendants.

## DECISION AND ORDER

Plaintiff Sean Kendrick filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 complaining about the medical care he received during his incarceration at Fox Lake Correctional Institution ("FLCI"). This matter comes before me on plaintiff's petition to proceed in forma pauperis. In addition, plaintiff has filed the following: (1) a motion to appoint counsel; (2) a motion for a temporary restraining order and a preliminary or permanent injunction; and (3) a request for a conditional transfer. He has also made various other requests, which I address herein.

### I.  IFP REQUEST AND PLRA SCREENING

**A.    Motion to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee

of $250.00 for this action.[1] If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He has been assessed and paid an initial partial filing fee of $13.88.[2] Thus, he shall be permitted to proceed in forma pauperis.

I note that Willie Hickles has submitted an affidavit detailing the medical care he received at FLCI. However, Hickles is not a named party and has not paid the filing fee for this action, nor has he requested leave to proceed in forma pauperis. Thus, I shall not consider Hickles' affidavit when screening the complaint.

**B.    Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

---

[1]Plaintiff filed his complaint prior to April 9, 2006, when the filing fee for civil actions in the Eastern District of Wisconsin increased to $350.00.

[2]To date, plaintiff has paid $89.71 of the $250.00 filing fee.

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se

allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (stating that there is no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that the plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff is currently incarcerated at FLCI. The defendants are all employees or former employees of the Department of Corrections ("DOC"): Matthew Frank is the Secretary of the DOC; Thomas Borgen, a former warden at FLCI; Larry Jenkins, a former deputy warden at FLCI; Jodine Deppisch, the current warden at FLCI; Tom Gozinske, an Inmate Complaint Examiner ("ICE") at FLCI; Shari Heinz, the Health Service Manager at FLCI; Dr. Enrique Luy, a staff doctor at FLCI; Sharon Zunker, either an ICE reviewer or an employee of the Bureau of Health Services ("BHS");[3] Karen Gourlie, a Corrections Complaint Examiner ("CCE") for the DOC; Dr. Dave Burnett, apparently also a doctor at FLCI; J. Greer, Director of BHS; Rick Raemisch, an employee of the Officer of the Secretary of the DOC; John Ray, a CCE; Pat Voermans ("HSNC"), whose precise title is unclear; Jim Schwochert, a deputy warden at

---

[3]The complaint says Zunker is with the BHS, but an attached exhibit identifies her as an ICE reviewer.

4

FLCI; Teri Kaiser, a nurse at FLCI; and "Sheri" and "Peggy," both nurses at FLCI.

Plaintiff alleges that on November 23, 2004, nurse Peggy examined him related to a tumor or cyst on his right deltoid. Plaintiff wanted to be sent out for an MRI or blood test, but Peggy told him that he needed to see a cosmetologist and asked how much time he had left to serve. Plaintiff filed a grievance, which was denied by Gozinske and Zunker without investigation. In February 2005, plaintiff filed another complaint about the lack of treatment for the growth on his shoulder, which Gozinske and Zucker dismissed without investigation. Plaintiff appealed the dismissals, but CCE Gourlie failed to investigate, and the complaint was dismissed by Frank following review by Ray and Raemisch.

Plaintiff avers that defendants Borgen, Jenkins, Deppisch and Schwochert failed to provide him with medical care, and defendant Heinz failed to examine or evaluate his medical need. He further alleges that Voerman failed to investigate Peggy's inappropriate decision and evaluation, and that Greer failed to look into or review plaintiff's medical need or the decisions of defendants Zunker and Dr. Burnett. Plaintiff alleges that Dr. Luy failed to examine him despite several requests that he see a doctor. Finally, plaintiff alleges that Kiser and nurse Sherry had him sign medical releases.

Plaintiff concludes that all defendants neglected to perform their duties. He states that his sister, who is employed in the medical profession, told Heinz and Zunker that plaintiff should have a blood test, MRI, cat-scan or biopsy. He states that defendants' willful neglect of his medical care will continue unless the court intervenes. Plaintiff contends that defendants violated his rights under the Eighth, Thirteenth and Fourteenth Amendments, as well as various provisions of Wisconsin state law. For relief, he requests punitive, compensatory, exemplary, non-economic, declaratory and nominal damages, as well as

5

damages for his mental anguish and anxiety.

   1.   **Eighth Amendment Claim**

Plaintiff claims that defendants violated his Eighth Amendment right to adequate medical care. To establish a medical care claim under the Eighth Amendment, a prisoner must show that (1) his medical need was objectively serious, and (2) prison officials acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Neither negligence nor even gross negligence is a sufficient basis for liability. See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991).

Plaintiff has stated an Eighth Amendment claim against defendants Borgen, Jenkins, Deppisch, Schwochert, Heinz, Dr. Luy and nurse Peggy. He avers that he has a large tumor on his right shoulder, which at this stage of the litigation I will assume constitutes a serious medical need. Plaintiff further avers that these defendants were indifferent to that need and failed to provide appropriate treatment. Intentionally denying or delaying access to medical care is a form of deliberate indifference. Estelle, 429 U.S. at 104.

Because defendants Borgen, Jenkins, Deppisch and Schwochert are not medical professionals, it is unclear whether they were personally responsible for denying plaintiff's

6

requests for medical care, or whether they properly relied on the medical judgment of others. See Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005). It is also unclear whether plaintiff's complaints amount to a mere disagreement with the care provided by the medical professionals, which does not state an Eighth Amendment claim. Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). However, district courts have been instructed to construe such doubts in favor of a pro se plaintiff. Jenkins, 395 U.S. at 421. Thus, at this point, plaintiff may proceed against defendants Borgen, Jenkins, Deppisch, Schwochert, Heinz, Dr. Luy and nurse Peggy on his Eighth Amendment claim.

Plaintiff alleges that defendants Frank, Gonzinske, Zunker, Gourlie, Greer, Raemisch, Ray and Voermans violated his rights by failing to investigate the failure to provide him with adequate medical care and/or dismissing his inmate complaints about his medical care. "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." Wolf-Lillie v. Sonquist, 699 F.2d 864, 870 (7th Cir. 1983). Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. Rather, they must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. Morfin v. City of E. Chicago, 349 F.3d 989, 1001 (7th Cir. 2003). Although I have some doubts that these defendants were sufficiently involved, because plaintiff appears to allege knowledge and refusal to take any action to ensure his access to proper medical care, at this point I will allow plaintiff to proceed. See, e.g., Wilson v. City of Chicago, 6 F.3d 1233, 1240 (7th Cir. 1993) (stating that if supervisor threw away complaints or told subordinates to ignore them, an inference that he condoned the violation could arise); McGill v. Duckworth, 944 F.2d 344,

7

351 (7th Cir. 1991) ("Being an ostrich involves a level of knowledge sufficient . . . for liability under the eighth amendment's subjective standard.").

Plaintiff may not proceed against Dr. Burnett. He makes no allegations in the body of his complaint concerning Burnett's alleged acts or omissions; merely mentioning a defendant in the caption is insufficient.[4] See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Nor does plaintiff implicate Teri Kaiser or nurse Sheri in his Eighth Amendment claim. Therefore, he may not proceed on such claim against them.

**2. Fourteenth Amendment Claims**

Plaintiff claims that defendants violated his rights under the Fourteenth Amendment but does not specifically state how. At various points in the complaint and attached exhibits, he states that Kiser and nurse Shari had him sign medical release forms; Heinz and Zunker failed to respond to his sister's requests; and FLCI discriminated against him on the basis of his race.[5] However, these allegations are insufficient to state a claim under the Fourteenth Amendment.

Regarding the medical release claim, the Seventh Circuit has held that the right to privacy embodied in the Fourteenth Amendment "clearly covers medical records and

---

[4]In the body of the complaint, plaintiff avers that Greer failed to investigate "any decision" by Dr. Burnett. (Compl. at 4.) By failing to identify what decisions, if any, Dr. Burnett made, or even whether Burnett had contact with him or was aware of his situation, plaintiff has failed to state a claim against Burnett.

[5]In fleshing out this claim, I have reviewed exhibit E attached to the complaint.

8

communications." Denius v. Dunlap, 209 F.3d 944, 956 (7th Cir. 2000). Plaintiff contends that defendants Kaiser and nurse Sheri had him sign two medical release forms. However, he does not allege that he was forced to sign the releases or that his medical information was improperly disseminated. Thus, he may not proceed on a Fourteenth Amendment claim against defendants Kaiser and nurse Sheri.

Nor may plaintiff proceed based on his allegations that Zunker and Heinz lied to his sister, refused to return her phone calls, and failed to provide her with his medical records. These allegations do not rise to the level of a constitutional violation, and plaintiff lacks standing to assert the legal rights of others such as his sister.

In one of his prison grievances, which he attaches to the complaint, plaintiff asserts that he is "being discriminated against by this institution because [he is] black." (Compl. Ex. E.) However, he provides no specifics as to how, when or where this discrimination occurred, or who it was who discriminated against him. Even under liberal pleading standards, this is insufficient.

### 3. Thirteenth Amendment Claim

Plaintiff also contends that defendants have violated his rights under the Thirteenth Amendment. However, because he has given absolutely no indication as to how this is so, he may not proceed on such claim.

### 4. State Law Claims

Plaintiff asserts that defendants have violated various provisions of Wisconsin state law, including Wis. Stat. §§ 302.03(1), 302.08, 302.385, 51.40(j), 55.001, 55.01(1)(a)(2)(b)(4r), 940.285(bm)(3)(e)(1)(2) and 940.295(1)(k)(t)(1)(2). Courts may exercise supplemental jurisdiction over state claims so related to the federal claims in an

action that they form part of the same case or controversy. 28 U.S.C. §1367(a). However, plaintiff has failed to state a claim of any violation of state law.

### a. Wis. Stat. § 302.03(1)

Wis. Stat. § 302.03(1) provides that "the wardens and superintendents of the state prisons shall each take the official oath required by § 19.01." Section 19.01 requires wardens and superintendents to swear that they "will support the constitution of the United States and the constitution of the state of Wisconsin, and [to] faithfully discharge the[ir] duties." These provisions do not appear to create any private cause of action. Moreover, any possible violation of these provisions adds nothing to plaintiff's constitutional claims. Cf. Archie v. Racine, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (stating that the Constitution does not require state officials to comply with state law, and that a violation of state law will not give rise to a § 1983 action unless the conduct also violates federal law). Finally, plaintiff does not allege that defendants have failed to take any required oath. Thus, plaintiff may not proceed on any claim under this statute.

### b. Wis. Stat. § 302.08

Wis. Stat. § 302.08 states that prison wardens and superintendents must "uniformly treat the inmates with kindness. There shall be no corporal or other painful and unusual punishment inflicted upon inmates." Again, this provision does not appear to create any private cause of action or any enforceable duty. Nor does it appear to add anything to his Eighth Amendment medical care claim. Plaintiff may proceed on an Eighth Amendment claim that defendants treated him inhumanely, but not under this statute.

### c. Wis. Stat. § 302.385

Wis. Stat. § 302.385 provides: "The standards for delivery of health services in state

correctional institutions governed under § 301.02 shall be based on the standards of any professional organization that establishes standards for health services in prisons and that is recognized by the department." Plaintiff does not aver that FLCI's standard for delivery of health services failed to comply with those of a professional organization with established standards for health services. Furthermore, it is doubtful that this provision bestows upon plaintiff any enforceable rights. Accordingly, plaintiff may not proceed on a claim under § 302.385.

### d. Wis. Stat. §§ 51.40, 55.001, 55.01, 940.285 & 940.295

Finally, Wis. Stat. § 51.40(j), 55.001 & 55.01 pertain to abuse and/or neglect of the developmentally disabled and vulnerable, and §§ 940.285 & 940.295 criminalize such abuse. Nothing in the complaint suggests that plaintiff is vulnerable or disabled within the meaning of these statutes, so it is unclear how they relate to his allegations of deficient medical care. Moreover, it does not appear that these provisions convey any enforceable rights upon plaintiff. Therefore, plaintiff may not proceed on any claims under these statutes.

## II. ADDITIONAL MOTIONS

### A. Appointment of Counsel

Plaintiff has moved for the appointment of counsel. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). However, the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Id. at 1071.

The threshold question under § 1915(e)(1) is whether the plaintiff has made a

11

reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 1073. If the plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id. Once this initial requirement is met, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In the present case, plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Therefore, the motion is denied without prejudice. If plaintiff elects to renew the motion, he must provide the court with the names of at least five attorneys he contacted about the case and explain why appointment of counsel is necessary under the criteria set forth in Farmer and Jackson.

**B.    Motions for Injunctive Relief**

Plaintiff has requested a temporary restraining order and a preliminary or permanent injunction requiring defendants to "arrange for an M.R.I., blood test and a plan of medical treatment by a qualified doctor (specialist)." (Pl.'s Decl. in Support of Pl.'s Mot. for TRO and Prelim. Inj. ¶15.)  Plaintiff also seeks: (1) "a lien put on all assets, freezing of bank accounts and garnish of wages of the defendants;" (2) summary judgment in his favor; (3) a court order against FLCI "not to administer tuberculosis shots illegally during the rest of plaintiff['s] incarceration;" (4) to "prevent and prohibit the defendants and their agents" from retaliating against him; and (5) any growth chart performed by prison staff. (Pl.'s Mot. for TRO and Prelim. or Perm. Inj. at 1-2; Pl.'s Decl. in Support of Pl.'s Mot. for TRO and Prelim. Inj. ¶ 6.) In addition, plaintiff has requested that he not be required to post security as required by Fed. R. Civ. P. 65(c).

12

A party seeking to obtain a preliminary injunction must demonstrate that: (1) his case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm if the injunction is not granted.  If the court is satisfied that these three conditions have been met, then it must consider the irreparable harm that the non-moving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied.  Finally, the court must consider the public interest in denying or granting the injunction.  The court then weighs all of these factors, applying a sliding scale approach: the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position. Ty, Inc. v. Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001).

### 1. Request for an MRI, Blood Test and Treatment by an Outside Doctor

Plaintiff desires an MRI, blood test and plan of medical treatment from an outside doctor. However, at this stage, I cannot conclude that plaintiff is sufficiently likely to succeed on this claim.  In his brief, he indicates that nurse Peggy told him that Dr. Luy could excise the lump on his shoulder, but plaintiff refused until he was diagnosed by an outside physician or provided certain tests.  Mere disagreement with the course of treatment offered by prison officials does not provide a basis for an Eighth Amendment claim. Ciarpaglini, 352 F.3d at 331.  Nor is there any constitutional right to demand specific medical care, including treatment by an outside doctor.  See Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, Forbes is not entitled to demand specific care.  She is not entitled to the best care possible.  She is entitled to reasonable measures to meet a substantial risk of serious harm to her.").  Thus, while I have permitted plaintiff to proceed on this claim, I cannot conclude that his likelihood of success is sufficient to justify the

13

extraordinary remedy he seeks. Nor has plaintiff shown that he lacks an adequate remedy at law or that he will suffer irreparable harm unless preliminary relief in granted. He argues that his shoulder is painful and that the cyst continues to grow. However, he has presented insufficient evidence that immediate relief is necessary to prevent an irreparable injury or that he cannot be adequately compensated by money damages. Therefore, the motion is denied.

### 2. Lien on Defendants' Assets

Plaintiff seeks a lien on defendants' assets, freezing of their bank accounts and garnishment of their wages. However, he has presented no argument or evidence demonstrating the propriety or necessity of such relief. Consequently, his request for injunctive relief with respect to this claim is denied.

### 3. Summary Judgment

In lieu of a lien on defendants' assets, freezing of their bank accounts, and garnishment of their wages, plaintiff desires an entry of summary judgment in his favor. However, he has filed no motion for summary judgment under Fed. R. Civ. P. 56. Nor have defendants been served with the complaint. Thus, the request is denied.

### 4. Tuberculosis Shots

Plaintiff desires a court order prohibiting FLCI from administering tuberculosis shots. In support of his request, he contends that tuberculosis shots have been forced upon him in violation of the Bill of Rights Privacy Act and Wis. Stat. § 55.01(2)(b). There is no Bill of Rights Privacy Act. In addition, § 55.01(2)(b) prohibits abuse of a vulnerable adult, and plaintiff not alleged that he is a vulnerable adult. Thus, plaintiff has failed to demonstrated a likelihood of success on the merits of this claim. Furthermore, plaintiff has not

14

demonstrated that he does not have an adequate remedy at law. Therefore, plaintiff's motion for injunctive relief to prevent the administration of tuberculosis shots will be denied.

### 5. Retaliation

Plaintiff seeks to prevent defendants from retaliating against him by subjecting him to "violent acts, (kicking, beating, punching, etc.), intimidating, threatening, (verbal and physical) harassing or writing illegal tickets to send the plaintiff to segregation or transferring the plaintiff to another prison institution." (Mot. for a TRO and a Prelim. or Perm. Inj. at 2.) However, plaintiff has not demonstrated that he lacks an adequate remedy at law. Nor has he demonstrated that he will suffer irreparable harm because he has not alleged that defendants have retaliated or will retaliate against him in such a manner. Thus, plaintiff's motion for injunctive relief based on his retaliation claim is denied.

### 6. Growth Chart

Plaintiff has requested a copy of "any signed authorization of a growth chart done on him by prison medical staff." (Pl.'s Decl. in Support of Pl.'s Mot. for a TRO and Prelim. Inj. ¶ 6.) Plaintiff has not demonstrated that he lacks an adequate remedy at law or that he will suffer irreparable harm if his request is not granted. Thus, plaintiff's request for injunctive relief as to this claim will be denied. Finally, to the extent the plaintiff seeks to obtain injunctive relief without posting security, his request is denied as moot.

## C. Motion for Conditional Transfer

On March 9, 2006, plaintiff filed a motion for a conditional transfer pursuant to Wis. Stat. § 51.01(4). Specifically, he seeks transfer to a "minimum" in Milwaukee County so that he can have access to "an outside medical treatment facility." (Pl.'s Mot. for Conditional Transfer at 1.) He contends that a transfer is necessary to stop the verbal and physical

15

harassment he has endured at the hands of Capt. Goggins and his staff, to stop the fraud and theft by deception by unidentified staff at FLCI, and because defendant Deppisch has failed to intervene and enforce DOC 309 IMP 5(A)(3), the Fifth, Eighth and Fourteenth Amendments, and Wis. Stat. §§ 301.05, 302.03(1), 302.04 & 301.05. (Pl.'s Mot. for Conditional Transfer at 1-2.)

Plaintiff provides no authority for me to order such a transfer. Federal courts are not authorized to enforce state laws. See Archie, 847 F.2d at 1217. Nor is there any constitutional right to placement at a certain prison facility. See Caldwell v. Miller, 790 F.2d 589, 603 (7th Cir. 1986). Finally, Wis. Stat. § 51.01(4) applies to transfers of adults with mental illness. Here, plaintiff has given no indication that he is mentally ill. Thus, plaintiff's request for a conditional transfer must be denied.

**D.    Miscellaneous Matters**

In several letters to the court, plaintiff has indicated a desire to amend his complaint. Specifically, he seeks: (1) to add a claim that defendants are stealing money from him (Pl.'s Am. Notice of Injury and Claim at 1); (2) to add a claim that defendants are retaliating against him for filing this lawsuit (Pl.'s Letter of Feb. 3, 2006); to add a Wisconsin tort law claim under Wis. Stat. § 893.82 (Pl.'s Am. Notice of Injury and Claim at 2); and (4) to add new defendants to this case (Pl.'s Letters of Feb. 17, June 12 and June 13, 2006).

Civil Local Rule 15.1 provides:

Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

In this case, plaintiff has sought leave to amend his complaint on at least four

occasions. However, he has never submitted to the court a copy of his proposed amended complaint. Based on his failure to comply with the Local Rules, plaintiff's requests to amend will be denied without prejudice.

As a final matter, plaintiff has asked the court to remove the "service fees" for the service of summons from his release account. (Pl.'s Letter of June 9, 2006.) Defendants have not yet been served with a copy of the complaint. Therefore, it is not clear whether issuance of summons will be required in this case. Moreover, an inmate proceeding in forma pauperis may rely on the Marshals Service to serve process. See Fed. R. Civ. P. 4(c)(2). Accordingly, plaintiff's request will be denied.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary restraining order, preliminary or permanent injunction (Docket #4) is **DENIED**.

**IT IS FURTHER  ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants defendants Borgen, Jenkins, Deppisch, Schwochert, Heinz, Dr. Luy, nurse Peggy, Frank, Gonzinske, Zunker, Gourlie, Greer, Raemisch, Ray and Voermans pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that defendants Dr. Burnett, Teri Kaiser and nurse Sheri are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $160.29 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus

affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge