UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN KENDRICK,
      Plaintiff,

   v.                                                    Case No. 05-C-0976

MATTHEW J. FRANK, THOMAS BORGEN,
LARRY JENKINS, JODINE DEPPISCH,
TOM GOZINSKE, SHARI HEINZ,
DR. ENRIQUE LUY, SHARON ZUNKER,
KAREN GOURLIE, J. GREER,
RICK RAEMISCH, JOHN RAY,
PAT VOERMANS, JIM SCHWOCHERT,
and NURSE PEGGY,
      Defendants.

## DECISION AND ORDER

Plaintiff, Sean Kendrick, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. Currently pending are plaintiff's motion for discovery and plaintiff's motion for order.

On December 4, 2007, plaintiff filed a motion for discovery, requesting that defendants provide him with photocopies of various documents. For example, plaintiff requests copies "of all policy/procedure and rules for prisoners standards for Health and Medical care to be provided by DOC's agency and employees." (Pl.'s Mot. for Discovery at 2). Plaintiff served a copy of this document on defendants and they responded on January 3, 2007.

Inasmuch as plaintiff filed his motion for discovery prior to receiving a response from defendants, it is unclear whether he seeks to compel defendants to produce photocopies of the requested documents. However, to the extent plaintiff intended to file a motion to

compel under Federal Rule of Civil Procedure 37, he has not included "a certification that [he] has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed.R.Civ.P. 37(a)(2)(A). Thus, I will deny plaintiff's motion for discovery without prejudice. Plaintiff is advised that he may file a motion to compel discovery if, after personal consultation with defendants, the parties are unable to reach an accord. See Civil L.R. 37.1 (E.D. Wis.).

Plaintiff has also filed a "Motion for Good Cause Shown Pursuant to Fed.R.Civ.P. 35 (a)(b) Physical and Mental Examination of Persons." Specifically, he wants to be examined by a specialist to determine if his tumor is benign or malignant. Fed.R.Civ.P. 35 provides:

> (a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

To obtain a Rule 35 examination, a party seeking such examination must show that each condition for which the examination is sought is "genuinely in controversy" and that "good cause exists for ordering the examination." Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). Such showings are not met by mere conclusory allegations of the pleadings or by mere relevance to the case. Schlagenhauf, 379 U.S. at 118-19. Rather, an affirmative showing by the movant of the factors specified by Rule 35 is required. Id. "[W]hat may be good cause for one type of examination may not be so for another" and the "ability of the movant to obtain the desired information by other means is also relevant." Id.

2

In the present case, plaintiff alleges that defendants denied plaintiff constitutionally adequate medical care when they failed to adequately examine a cyst or tumor on his right arm. It is not necessary for plaintiff to obtain a court order if he wishes to have himself examined. Moreover, it appears that plaintiff's primary motivation for requesting a Rule 35 examination is to obtain the medical care that is the subject of this action, the demonstration of disputes and controversies over his medical condition appearing to be secondary. See Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (holding that a Rule 35 motion is not properly used to obtain medical care or to complain of deliberate indifference to a prisoner's serious medical needs). And, to the extent plaintiff seeks a Rule 35 examination to provide him with an expert medical witness at the court's expense, the court is not obligated to subsidize his litigation by paying for his expert witness testimony, even though he is proceeding in forma pauperis. See, e.g., McNeil v Lowery, 831 F.2d 1368, 1373 (7th Cir. 1987) (holding that although the constitution guarantees a right of access to the courts, it does not require the government to pay witness fees so that an indigent plaintiff can present his case fully to the court) (citation omitted). Thus, plaintiff's motion for a Rule 35 examination will be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff's motion for discovery (Docket #36) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a Rule 35 examination (Docket #55) is **DENIED**.

3

Dated at Milwaukee, Wisconsin, this 29 day of July, 2007.

/s
LYNN ADELMAN
District Judge