SEAN KENDRICK,
    Plaintiff,

v.                                               Case No. 05-C-0976

MATTHEW J. FRANK, THOMAS BORGEN,
LARRY JENKINS, JODINE DEPPISCH,
TOM GOZINSKE, SHARI HEINZ,
DR. ENRIQUE LUY, SHARON ZUNKER,
KAREN GOURLIE, J. GREER,
RICK RAEMISCH, JOHN RAY,
PAT VOERMANS, JIM SCHWOCHERT,
and NURSE PEGGY,
    Defendants.

## DECISION AND ORDER

Plaintiff, Sean Kendrick, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis. Currently pending are plaintiff's motion to compel, plaintiff's request for sanctions and plaintiff's request for injunctive relief.

### I. MOTION TO COMPEL

On August 15, 2007, plaintiff filed a motion to compel defendants to provide him with various documents. For example, plaintiff requests that defendants furnish him with "copies of all notes, phone records/phone conversation by Ms. Rockwell, Christie Burrage and Sen. Lena C. Taylor to Wisconsin DOC and Fox Lake employees that are within the state's possession, custody or control, concerning the denial and delay of medical and health care to the plaintiff." (Mot. to Compel ¶ 12).

Federal Rule of Civil Procedure 37 permits the court to compel discovery. However, the party seeking such discovery must complete several steps before court intervention is

appropriate.  The party seeking discovery must first direct his request to the opposing party.  If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences."  Civ. L.R. 37.1 (E.D. Wis.).  If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Federal Rule of Civil Procedure 37(a).  Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it."  Civ. L.R. 37.1 (E.D. Wis.).

In the present case, plaintiff has not complied with Civil Local Rule 37.1.  He did not serve a copy of his discovery demands on defendants prior to filing his motion to compel.  Moreover, he has not indicated that he engaged in the required personal consultation.  Therefore, I will deny plaintiff's motion without prejudice.

As plaintiff's two motions to compel have been denied because of a failure to serve the discovery requests on defendants and to include a statement describing any attempt to resolve discovery disputes through personal consultation with defendants, it is unclear whether plaintiff has successfully served any discovery requests upon defendants.  Therefore, I will grant plaintiff thirty days from the date of this order in which to serve defendants with the discovery sought in his August 15, 2007 motion to compel.  Plaintiff may not use this as an opportunity to seek "new" discovery.  The enlargement of time is allowed for the sole purpose of serving the request discussed above.  Defendants will then be granted thirty days to respond to plaintiff's request.

2

## II. REQUEST FOR SANCTIONS

Plaintiff has requested that defendants be sanctioned for falsely claiming that they were not served with the discovery demands contained in his August 15, 2007, motion to compel before the motion to compel was filed. Federal Rule of Civil Procedure 11(b) requires a party to certify that any paper presented to the court is not being used for any improper purpose and that any claims or defenses are warranted by existing law. In essence, Rule 11 "establishes duties to both the opposing side and the legal system as a whole that are designed to curb needless expense and delays and to free the courts from litigation that strains scarce judicial resources." City of East St. Louis v. Circuit Court for Twentieth Judicial Circuit, 986 F.2d. 1142, 1143 (7th Cir. 1993) (citing Mars Steel Corp. v. Cont'l Bank N.A., 880 F.2d 928, 932 (7th Cir. 1989) (en banc)). Under Rule 11, sanctions may include "directives of a nonmonetary nature, an order to pay a penalty into court or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Methode Elecs., Inc. v. Adam Techs., Inc., 371 F.3d 923, 926 (7th Cir. 2004).

In support of his request, plaintiff has submitted fifteen summonses that were attached to the complaint. (See Docket # 62). From this, it appears that plaintiff believes that service of the complaint demonstrates that defendants were also served with his discovery demands before the motion to compel was filed. However, service of the complaint under Federal Rule of Civil Procedure 4 is distinct from service of discovery requests and other motions. Therefore, plaintiff has failed to show that defendants made any misrepresentation to the court. Accordingly, his request for sanctions will be denied.

3

## III. PLAINTIFF'S REQUEST FOR MEDICAL CARE

On November 7, 2007, plaintiff asked that the court issue an order directing defendants to: (1) provide plaintiff with medical care for his right deltoid; (2) remove any mention of gang activity from his confidential files; (3) provide him with a copy of his confidential files; (4) excuse him from receiving a tuberculosis immunization; and (5) exempt him from the AODA program. Additionally, he seeks to bring criminal charges against defendants. Defendants oppose plaintiff's requests because they address his request for medical care in their pending motion for summary judgment and because the remaining allegations are not relevant to the instant action.

Inasmuch as plaintiff asks that defendants be ordered to take various affirmative actions, I construe his request as one for injunctive relief. The standards for a temporary restraining order and preliminary injunction are identical. When considering whether to grant a temporary restraining order or preliminary injunction, the court must first consider "whether the moving party has demonstrated: (1) a reasonable likelihood of success on the merits, and (2) no adequate remedy at law and irreparable harm if preliminary relief is denied." Aircraft Owners & Pilots Ass'n v. Hinson, 102 F.3d 1421, 1424-25 (7th Cir. 1996) (internal citations omitted). If the moving party has demonstrated those items to the satisfaction of the court, the court must then: (3) balance the irreparable harm the non-moving party will suffer if the injunction is granted against the irreparable harm the moving party will suffer if the injunction is denied; and (4) consider the public interest, including the effect that granting or denying the injunction will have on non-parties. Id.

4

In the present case, plaintiff does not claim that he will suffer irreparable harm if any of his requests are denied. Moreover, there is no indication that plaintiff lacks an adequate remedy at law. Indeed, plaintiff may use the Inmate Complaint Review System to file complaints about prison conditions. Finally, with respect to his request for criminal charges, plaintiff has no standing to sue based on any interest in prosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also United States v. Nixon, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). Therefore, plaintiff's request for injunctive relief will be denied.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Docket #58) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for sanctions (Docket #62) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for injunctive relief (Docket #63) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff has thirty days from the date of this order in which to serve defendants with the discovery request made in his August 15, 2007 motion to compel. Defendants will then have thirty days in which to file a response.

Dated at Milwaukee, Wisconsin, this 27 day of November, 2007.

/s
LYNN ADELMAN
District Judge