UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN KENDRICK,
      Plaintiff,

v.                                   USDC Case No. 05-C-0976
                                        USCA Case No. 08-2000

MATTHEW J. FRANK, THOMAS BORGEN,
LARRY JENKINS, JODINE DEPPISCH,
TOM GOZINSKE, SHARI HEINZ,
DR. ENRIQUE LUY, SHARON ZUNKER,
KAREN GOURLIE, J. GREER,
RICK RAEMISCH, JOHN RAY,
PAT VOERMANS, JIM SCHWOCHERT
and NURSE PEGGY,
      Defendants.

## DECISION AND ORDER

Plaintiff, Sean Kendrick, filed this pro se civil rights action under 42 U.S.C. § 1983. By decision and order dated March 21, 2008, I granted defendants' motion for summary judgment. On March 24, 2008, judgment was entered dismissing this case. Plaintiff has appealed and before me are his motion for reconsideration, motion for enlargement of time and motion to proceed in forma pauperis on appeal.

### I. MOTION FOR RECONSIDERATION

On April 10, 2008, plaintiff filed a motion for reconsideration. As grounds for his request, plaintiff states: (1) that his due process and equal protection rights were violated; (2) he was denied a jury trial; (3) he was denied declaratory judgment; (4) he was denied an expert medical witness; (5) he was denied a temporary restraining order; (6) he was never informed that there was a hearing; (7) his motion for default judgment was denied; (8) defendants disobeyed a court order and never provided him with discovery; and (9)

although defendants argue that an x-ray was taken of plaintiff's shoulder, the tumor is on his deltoid.

As a preliminary matter, I must determine whether plaintiff's motion for reconsideration was filed within 10 days of the March 24, 2008 judgment. Although plaintiff's motion did not arrive in Milwaukee until April 10, 2008, it was signed and dated at Fox Lake Correctional Institution on April 6, 2008. Under <u>Edwards v. United States</u>, 266 F.3d 756, 768 (7th Cir. 2001), plaintiff's motion is deemed filed on the day it is given to prison officials for mailing. Thus, excluding intermediate Saturdays, Sundays, and legal holidays as required by Fed. R. Civ. P. 6(a)(2), I find that plaintiff's motion for reconsideration was filed within 10 days of the entry of judgment.

Whether a motion filed within 10 days of judgment should be analyzed under Federal Rule of Civil Procedure 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it. <u>Borrero v. City of Chicago</u>, 456 F.3d 698, 701-02 (7th Cir. 2006); <u>see</u> <u>also</u> <u>Obriecht v. Raemisch</u>, 517 F.3d 489, 493 (7th Cir. 2008) (explaining the difference between Rule 59(e) and Rule 60(b) motions). Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or fact or present newly discovered evidence. <u>LB Credit Corp. v. Resolution Trust Corp.</u>, 49 F.3d 1263, 1267 (7th Cir. 1995). In contrast, Rule 60(b) of the Federal Rules of Civil Procedure enables a court to grant relief from a judgment only under the particular circumstances listed in the rule:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment

> has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also Russell v. Delco Remy Div. of Gen. Motors, 51 F.3d 746, 749 (7th Cir. 1995).

In the present case, it appears that plaintiff bases his motion for reconsideration on errors of law and fact, and I therefore construe his motion as arising under Rule 59(e). While Rule 59(e) allows the court to alter or amend a judgment if the movant can demonstrate a manifest error of law or fact or present newly discovered evidence, LB Credit Corp., 49 F.3d at 1267, Rule 59(e) motions generally may not be used to relitigate old issues or to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (1995). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

In the present case, plaintiff has not presented newly discovered evidence nor has he shown that the March 21, 2008 decision and order contained a manifest error of law or fact. Plaintiff primarily reasserts arguments he previously presented to the court. I have already considered these arguments and found them to be unpersuasive or uncontrolling, and plaintiff has not offered any other factual or legal argument that convinces me my March 21, 2008 decision was in error. To the extent his motion challenges other decisions, such as the July 30, 2007 decision and order denying his request for a Rule 35 examination, plaintiff has similarly failed to show that these rulings were in error or that he has newly discovered evidence that entitles him to relief under Rule 59(e). As a final

3

matter, I note that plaintiff believes that there was a hearing held in this case because the April 24, 2008 judgment has a box checked next to the phrase: "**Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered." This provision, however, applies to summary judgment decisions in addition to trials, and no hearing was held in this case. For all these reasons, plaintiff's motion for reconsideration will be denied.

## II. MOTION TO ENLARGE THE APPEAL RECORD

On April 28, 2008, plaintiff file a motion to enlarge the appeal record. Specifically, he would like to include the following: (1) the certificate of appearance for the hearing held on March 21, 2008; (2) documents pertaining to the trial held on March 21, 2008; (3) a transcript from hearing held on March 21, 2008; (4) defendants' disclosure of motion for discovery; (5) the court's decision on his motion for reconsideration; and (6) a picture of the tumor on his right deltoid.

Federal Rule of Appellate Procedure 10(e) permits a district court to modify the appeal record to include information that is material to either party. As discussed, supra, there was no hearing or trial held on March 21, 2008, and, therefore, no such transcripts exist. Plaintiff has also requested that defendants' discovery response and a picture of his right deltoid be included in the appeal record. However, this information is not in the case file and plaintiff did not submit it with his motion to enlarge the appeal record. Finally, plaintiff wishes to include in the appeal record my decision on his motion for reconsideration. Court orders are generally included by the Clerk of Court in the appeal record. Inasmuch as plaintiff asks to enlarge the appeal record to include information that

4

is not on file, as well as documents that will already be included in the appeal record as a matter of course, his motion to enlarge the appeal record will be denied.

### III. MOTION FOR LEAVE TO PROCEED IFP ON APPEAL

On May 5, 2008, plaintiff filed a motion to proceed in forma pauperis on appeal. Under Fed. R. App. P. 24(a), a party who has been granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis. A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering plaintiff's request to proceed in forma pauperis before the district court, it was determined that plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, I do not find any indication that plaintiff's appeal is not taken in good faith. Thus, I will grant plaintiff's request to proceed in forma pauperis on appeal.

Under the PLRA, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $455.00

5

filing fee in advance for an appeal, he or she can request leave to proceed in forma pauperis. To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less.

Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that plaintiff is required to pay an initial partial filing fee of $43.45. Subsequent payments will be calculated and collected pursuant to 28 U.S.C. § 1915(b)(2).

Plaintiff shall pay the initial partial filing fee of $43.45 to the clerk of this court within 30 days of the date of this order. Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). Failure to pay the initial partial filing fee within the time specified may result in dismissal of this appeal. Newlin, 123 F.3d at 434.

6

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this appeal is later dismissed for any of the above reasons, it will have an impact on the plaintiff's ability to bring other actions in forma pauperis.

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for reconsideration (Docket # 74) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request to enlarge the appeal record (Docket # 78) is **DENIED**.

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis on appeal (Docket # 79) is **GRANTED** because this court determines that this appeal has been taken in good faith.

**IT IS ORDERED** that by **June 20, 2008**, the plaintiff shall forward to the clerk of this court the sum of **$43.45** as the initial partial filing fee in this appeal. Plaintiff's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that after the initial filing fee has been paid, the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the balance of the filing fee $411.55 by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income

7

credited to plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 21 day of May, 2008.

/s_____
LYNN ADELMAN
District Judge